UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 24-cr-20431 |
| Plaintiff, | Hon. F. Kay Behm<br>United States District Judge |
| v. | |
| JACOB KROMBERG, | |
| Defendant. | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S MOTION AND BRIEF IN SUPPORT OF REVOCATION OF DETENTION ORDER**

Kromberg stalked wrestling meets to look for teenage boys. Once he identified them, he contacted them on social media, attempting to obtain sexually explicit photographs and offering them money for sexual favors. But this was not Kromberg's only activity of this nature. He also utilized social media to contact other minors, who requested and received sexually explicit images from. All of these actions came only a few years after disturbing allegations of improper sexual contact with a 10 year-old child in Ohio. But most troubling is that despite—or perhaps because of---these sexual proclivities---Kromberg acted as a high school soccer coach and was teaching at a soccer camp for children at the time of his arrest.

1

Magistrate Judge Patricia Morris correctly found that there is not a condition or set of conditions that could reasonably assure the safety of the community, and the Court should maintain the order of detention.

## Factual Background

### A. Offense Conduct

In February 2024, a 14-year-old student athlete (MV-1) reported to his coach that he was being solicited online for sexual activities via the social media application Snapchat. MV-1 reported that the suspect had traveled to his school wrestling meet and taken pictures of MV-1 partially undressed, later sending the pictures to the victim via Snapchat and asking to engage in oral sex with MV-1 for money. MV-1 reported the suspect used multiple Snapchat display names to conduct this solicitation. (R. 1: 3). The individual requesting images from him sent him an image with part of his face in it. (R.1: 4).

The coach reported this to police and a picture of the individual---later identified as Kromberg--attempting to obtain sexually explicit photographs was circulated amongst high school wrestling coaches and parents. At another wrestling meet, a coach observed Kromberg at the meet. While Kromberg scampered away, the coach was able to obtain his license plate.

Eventually law enforcement obtained a search warrant for Kromberg's Snapchat account. It was replete with examples of Kromberg attempting to and

successfully accosting minors for sexually explicit images. The search warrant return contained images of naked minors. Kromberg frequently discusses and proposes meeting up with minors during his Snapchat conversations with them. Kromberg openly and frequently brags about his interest in minor males, and even discusses a strategy to pull a minor wrestler into a locker room after bragging about taking shirtless pictures of them.

| | |
|---|---|
| Then pull into locker room | Wed Mar 06 22:52:39 UTC 2024 |
| How do I approach one and talk to him | Wed Mar 06 22:52:36 UTC 2024 |
| I go to kids wrestling meets to take pics of em shirtless | Wed Mar 06 22:52:18 UTC 2024 |

| | |
|---|---|
| I'm into young | Wed Mar 06 23:28:44 UTC 2024 |
| That's the point | Wed Mar 06 23:28:42 UTC 2024 |
| Thatâ€™s pedo vibes | Wed Mar 06 23:28:33 UTC 2024 |
| I want to suck ur teen dick | Wed Mar 06 23:28:05 UTC 2024 |

| | |
|---|---|
| Eww no I got a gf | Wed Mar 06 23:27:15 UTC 2024 |
| Can I suck ur young boy dick | Wed Mar 06 23:26:56 UTC 2024 |

| | |
|---|---|
| I want 11-14 | Wed Mar 06 23:06:51 UTC 2024 |
| How much money lol | Wed Mar 06 23:06:27 UTC 2024 |
| 17 | Wed Mar 06 23:06:23 UTC 2024 |
| 19 into young | Wed Mar 06 23:06:20 UTC 2024 |

There are additional examples of this behavior in the complaint against Kromberg, wherein he expresses his sexual interest in minors and his offers to perform sex acts on them. (R. 1: 6-7).

Reviewing the Snapchat warrant, IP Address information, cell phone information, and the picture sent by Kromberg allowed authorities to identify Kromberg as the suspect and where he lived. On July 24, 2024, the FBI executed a

search warrant at Kromberg's residence. Kromberg did not make any admissions, but a preliminary review of a hard drive at the scene resulted in the discovery of child pornography in the form of images that he received through enticing minors.

An FBI agent swore out a complaint against Kromberg the next day, and he has been in custody since the execution of the warrant.

B. Prior Accusation in Ohio

An FBI analyst eventually discovered civil court records that demonstrated that this was not the first troubling incident involving Kromberg. In 2017, Kromberg attended a University in Ohio. Kromberg had a girlfriend that he met at school, one who he told that he had "stalked her" on Facebook before they met. (Bates 185). She had been active in her nieces and nephew's lives. Kromberg offered to drive her to Mechanicsburg, Ohio to meet her family. They then drove there every other weekend. Kromberg developed a troubling relationship with one of her minor male relatives, a 10-year-old boy. Kromberg, according to her, was only interested in hanging out with this child when they visited Mechanicsburg. Kromberg and his girlfriend often slept with the boy.

The 10-year-old minor reported two incidents of concerning touching by Kromberg, one of which involved Kromberg touching the child's thigh and one involving Kromberg touching him in his private areas with his feet, both over the clothing. Snapchat messages discovered between the two were enormously

4

concerning, with 19-year-old Kromberg frequently telling the 10-year-old boy that he loved him in text messages. While the texts were not sexual in nature, they were disturbing, as this one below that Kromberg sent demonstrates:

> good night message. We made it back safe and I miss you so much already. Hopefully you're not an emotional wreck like I am. I balled my eyes out the entire way back because all I want is you. You make me feel safe just as much as I make you feel safe. I actually started crying once you fell asleep around 10:45. I love

The family filed for a protective order against Kromberg, which was granted when Kromberg did not go to court. Criminal charges were never filed.

### C. Kromberg Chooses Contact with Children

Another disturbing aspect of this case uncovered through the investigation was that Kromberg—despite a clear sexual attraction to teen boys---placed himself in situations where he would have frequent contact with them. Kromberg was the freshman and apparently junior varsity soccer coach at a high school in Washtenaw County at some point before his arrest. At the time of his arrest, Kromberg was assisting with a soccer camp for youths up to 14 years' old. Kromberg intentionally placed himself in situations where he interacted with minors.

### D. Kromberg Detained by Magistrate Judge Morris

On July 25, 2024, Kromberg's had both his initial appearance and detention hearing in front of Magistrate Judge Patricia Morris. The government proffered the information from the investigation and complaint, as well as the 2017 incident. Pretrial services recommended release. Kromberg argued that he was not a flight risk and not a danger.

The Court detained Kromberg, reasoning that no condition or set of conditions could assure the safety of the community. The Court reasoned that it was a serious offense and that location monitoring could not assure that he could not contact minors. Further, the Court found that Kromberg had not rebutted the presumption in favor of detention.

Kromberg now brings this motion for revocation of the original detention order.

### Argument

### A. Standard of Review

This Court reviews *de novo* the magistrate judge's order of pretrial detention pursuant to 18 U.S.C. § 3145. *See United States v. Williams*, 948 F. Supp. 692, 693 (E.D. Mich. 1996); *see also United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000) (collecting cases). The Court may receive additional evidence or rely on the record of the earlier hearing. *See United States v. Martinez*, No. 1:12-CR-210, 2012 WL 4815018, at *1 (W.D. Mich. Oct. 10, 2012).

### B. This Court Should Maintain the Detention Order Because All Four § 3142 Factors Favor Detention.

Under the Bail Reform Act, a person shall be detained if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(b). A rebuttable statutory presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community arises when there is probable cause to believe that the defendant received or distributed child pornography under 18 U.S.C. § 2252A(a)(2). The resulting presumption in favor of detention imposes a "burden of production" on the defendant, and the government retains the "burden of persuasion." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant satisfies his burden of production when he comes forward with evidence that he does not pose a danger to the community or a risk of flight. *Id.* Even when a defendant satisfies his burden of production, however, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* The statutory presumption "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id.*

When determining whether there are conditions of release that will reasonably

7

assure the safety of any other person and the community, the court must consider four factors: (1) the nature and circumstances of the offense charged, including whether the offense "involves a minor victim"; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by release. *See* 18 U.S.C. § 3142(g). Here, all four factors weigh in favor of detention, and the defendant has not rebutted the presumption in favor of detention.

    1.   <u>The nature and circumstances of the charged offenses are serious.</u>

The charged offenses are undeniably serious and strongly favor detention. The serious nature of the offense conduct is outlined in great detail above and evidenced not only by the presumption in favor of detention, but the 15-year mandatory minimum upon his conviction in this offense. He has engaged in one of the most serious criminal offenses, and done so in one of the most serious ways. He was not only sitting behind a computer, requesting photographs and trying to pay minors for sex---though that itself would warrant detention. Instead, he was actively visiting high school wrestling tournaments to photograph and stalk minor wrestlers, taking photographs of them at their meets and contacting them on social media. To do so, Kromberg had to research where wrestling meets occurred and drive to places he had no business being to attend them. This was not a crime of opportunity, it was

8

one of great effort and planning. The nature and circumstances of this offense highly favor detention.

The nature and circumstances of the offense weigh heavily in favor of detention.

   2. <u>The weight of the evidence of dangerousness is strong.</u>

This factor likewise weighs heavily in favor of detention. The weight of the evidence in these circumstances relates not to the weight of evidence of guilt, but rather the weight of evidence of dangerousness. In this case, there are offers to pay minors for sexual acts. There are the requests that minors provide sexually explicit images. There is stalking of minors. There is evidence that being caught previously in a situation where he was grooming and touching a minor. The weight of dangerousness that Kromberg poses to the community and to minors in general is immense.

   3. <u>Kromberg's history and characteristics show he poses a danger to community, especially boys.</u>

Kromberg history does not include a criminal history involving a conviction, but this is not the first allegation against him. It is also difficult to gage the length of time that he has been doing this, since the Snapchat search warrant returns provide only a short length of interactions with minors but contain numerous victims and images.

Kromberg's primary characteristic is his unrestrained attraction to children

and the complete lack of any ability to control it. Kromberg claims he was in counseling *before* his arrest, but that shows only that the counseling had not been effective. There is absolutely no reason to trust that Kromberg---who committed this crime in such a bold and reckless way, would conform to the conditions of bond. The idea that Kromberg could not---and would not---obtain another device to provide him with Internet access to exploit children is not reasonable. There are simply no conditions to assure the safety of the community and Magistrate Judge Morris correctly reasoned that he had not rebutted the presumption of detention. This factor also favors continued detention.

    4.    <u>The nature and seriousness of the danger that Kromberg poses to others supports his detention.</u>

As noted above, Kromberg is a serious danger to the community. Specifically, young children in the community and children of those who Kromberg interacts with online and in person are at great risk through his release on bond.

The harm caused by the sexual abuse of a minor is extraordinary. The risk of releasing Kromberg exceeds that in many other cases. This Court's only way to protect them is through his detention.

## Conclusion

Magistrate Judge Morris made the correct decision initially. Kromberg is a danger to the community and no conditions of bond could reasonably assure its safety. He has not rebutted the presumption that exists, and, if even if he has, clear and convincing evidence demonstrates that his release in appropriate. The Court should deny Kromberg's motion.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/Christopher W. Rawsthorne*
Christopher W. Rawsthorne
Assistant United States Attorney
600 Church Street
Flint, MI  48502
(810) 766-5177
christopher.rawsthorne@usdoj.gov

Dated:   October 15, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2024, the foregoing document was served via filing by the ECF system:

Clint W. Perryman

*s/Christopher W. Rawsthorne*
Christopher W. Rawsthorne
